SHAW, Judge,
concurring specially.
Rulings on motions to suppress involve mixed questions of fact and law; we review a trial court’s factual findings for clear error and its application of the law to undisputed material facts de novo. Based on the particular circumstances of this case, I agree with the application of the de novo standard of review in the main opinion. See, e.g., State v. Hill, 690 So.2d 1201 (Ala.1996), United States v. Bervaldi, 226 F.3d 1256, 1262 (11th Cir.2000), and United States v. Risse, 83 F.3d 212, 215 (8th Cir.1996). I also agree with the adoption in the main opinion of the “reasonable belief’ standard set forth in Bervaldi. See Valdez v. McPheters, 172 F.3d 1220 (10th Cir.1999), and United States v. Route, 104 F.3d 59 (5th Cir.1997), and the cases cited therein. Finally, I agree with the conclusion that the police officers had a reasonable belief that Truss was actually in the house at the time they entered to execute the arrest warrant.
The dispositive issue in this case is, in my view, whether the officers had a reasonable belief that Truss actually resided in the house with another person (i.e., possibly a relative of Truss’s girlfriend), in which case Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), is controlling, or whether they relied on the warrant as legal authority to enter the house believing only that Truss might be a guest there, in which case Steagald v. United States, 451 U.S. 204, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981), is controlling. Here, the evidence indicates that the police officers knew that the house in question was the residence of a third party. However, based on the information they had been given and on what they had personally observed, in conjunction with their common sense and their experience as police officers, I believe that the officers could have reasonably believed that Truss was also living in the house with someone else. Although the officers could have drawn more than one inference as to whether Truss may have been living in the house— for example that Truss may have been living in a motel during the renovation ■ of *1092 the mobile home — the existence of multiple inferences does not render the inference that Truss was living in the house unreasonable. The State cites to United States v. Lovelock, 170 F.3d 339 (2d Cir.1999), in which the United States Court of Appeals for the Second Circuit addressed a factual situation virtually identical to the one presented here and engaged in a detailed analysis of the interplay between Payton and Steagald. The Eighth Circuit Court of Appeals engaged in a similar analysis in Risse. I am persuaded by the reasoning in Lovelock and Risse. Therefore, I think that Payton, not Steagald, controls here, and I agree that the trial court erred in granting the appellee’s motion to suppress.